HAYWARD v. ST. LOUIS & S. F. R. CO. et al.

No. 31974. Feb. 19, 1946.

Rehearing Denied March 12, 1946.

*166 P. 2d 774.*

Eck E. Brook, of Muskogee, for plaintiff in error.

Cruce, Satterfield & Grigsby and W. T. Stratton, all of Oklahoma City, and Kelly Brown, of Muskogee, and E. G. Nahler, of St. Louis, Mo., for defendants in error.

PER CURIAM. This is an overflow damage action. The action was originally brought by E. K. Hayward against St. Louis & San Francisco Railway Company and its trustees in the city court of the city of Muskogee. The trial in that court resulted in a verdict and judgment in favor of defendants. Plaintiff appealed to the district court, where on trial de novo defendants again prevailed. Plaintiff has appealed to this court.

The record discloses substantially the following facts: Plaintiff is the owner of lots 5 and 6, block 441, city of Muskogee, on which he constructed two apartment houses. Defendant Railway Company constructed its roadbed and laid its tracks along the east boundary line of such lots. The grade of the roadbed is higher than plaintiff's lots. The topography of the land slopes upward from these lots to the northwest. The drainage is from the northwest to the southeast and during ordinary amounts of rainfall the water accumulates and flows in a more or less defined channel in a southeasterly direction across plaintiff's lots, and prior to the construction of the roadbed drained to the southeast and off of plaintiff's premises. Defendant Railway Company, upon the construction of its roadbed, in order to carry away the water in times of ordinary rains and floods, erected four different culverts under its tracks through which the water was drained to the southeast. It also dug a ditch on the west side of its tracks and erected an embankment on each side thereof to prevent the water from washing away the tracks. There was a heavy rainfall during the year 1943 and the water therefrom backed up over plaintiff's lots into his apartment houses, damaged the floors and a considerable portion of his furniture.

It is the theory of plaintiff that defendant Railway Company, by the erection of the roadbed, the embankment on the sides of its ditch, and its failure to provide proper drainage through which to carry the water, caused the same to back up over his lots and into his apartment houses.

There is no dispute as to the damage. The defense is based on an unprecedented amount of rainfall and floods during that year. Defendant Railway Company offered evidence tending to prove that it had provided proper drainage to carry away the water during ordinary rains and ordinary floods; that in the year 1943 there was an unprecedented and unheard amount of rainfall and floods which it could not have foreseen or

anticipated and which was the sole cause of plaintiff's damage. On this theory and issue defendants prevailed.

The only assignment of error discussed by plaintiff is error of the court in giving a certain instruction to the jury. The court after telling the jury that if it found from a fair preponderance of the evidence that the natural flow of water was obstructed by defendant Railway Company by reason of the tracks and fill put along its right of way, and that such tracks and fill caused the water to back up on his property and caused the damage complained of, verdict should be for the plaintiff. The court further told the jury:

"You are also told that a person does not have the right to obstruct the usual and natural flow of water, and if you find that the railroad company, on account of its tracks and fill, has obstructed the usual and natural flow of the water and thereby caused the same to back up and stand on the property of the plaintiff thereby causing his damage, then it will be your duty to find for the plaintiff, but if you find that his damage was caused by unprecedented floods and unprecedented amounts of rainfall, then the defendant in that event would not be liable."

It is plaintiff's contention that this instruction is inaccurate and incomplete. That the jury should have been instructed that if the damage was caused from an unprecedented amount of rainfall or unprecedented floods amounting to an act of God and such was the sole cause of the damage, defendant Railway Company would not be liable; but if the jury found that its own negligence was a present occurring proximate cause, co-operating with the act of God in producing the injury, then the Railway Company would be liable notwithstanding the unprecedented floods amounting to an act of God.

An examination of the record fails to show that plaintiff took an exception to this instruction or in any manner called the alleged defect to the attention of the trial court. Neither did plaintiff request a more definite or specific instruction covering this issue. Under this state of the record we cannot consider this alleged error. Watson v. Doss, 151 Okla. 132, 3 P. 2d 159; Meyer v. White, 79 Okla. 257, 192 P. 801; Norman v. Lambert, 64 Okla. 238, 167 P. 213.

The judgment is affirmed.

GIBSON, C. J., HURST, V. C. J., and RILEY, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.