KELLEY-WEBB REALTY CO.
v. ALLEN.

No. 32738.   Dec. 9, 1947.

*187 P. 2d 986.*

Gilbert W. Daney, of Atoka, for plaintiff in error.

Steele & Boatman of Okmulgee, for defendant in error.

WELCH, J.   This action was commenced by Kelley-Webb Realty Company against Bert R. Allen for a brokerage fee for the sale of real estate.

Plaintiff's petition alleges that defendant listed certain lands for sale with plaintiff at selling price of not less than $8.50 per acre with provision that a broker's fee in an amount equal to five per cent of the selling price would be paid plaintiff in the event plaintiff procured a sale; that plaintiff proceeded to communicate with various persons and advertised the lands for sale in various newspapers; that they were given information as to the character and location of the land and were induced and persuaded by plaintiff to go and view the land; that J. E. Butler became the purchaser of the land; that plaintiff was the procuring cause of the sale and by reason thereof is entitled to judgment for the amount of the broker's fee stated in the listing.

504

Defendant by answer admits that he listed the property for sale with plaintiff, but denies that plaintiff made a sale of the land. Defendant alleges that plaintiff sent J. E. Butler to Latimer county, where defendant's ranch was located, to look at a ranch known as the King Ranch; that the said Butler, upon arrival in Latimer county and while making inquiry about the King Ranch, was informed by other parties there that defendant's ranch was for sale; that upon information of these other parties Butler went upon the lands of defendant and thereafter called defendant, who was not in the county, by telephone, resulting in a meeting of defendant and Butler in Latimer county; that defendant entered into contract to sell the lands to the said Butler and that Butler made a payment to defendant to bind the bargain, but that Butler never carried out the terms of the agreement and never purchased the land; that plaintiffs are not entitled to a commission for the sale of the land.

By way of counterclaim defendant alleged that plaintiff caused to be filed in the office of the county clerk of Latimer county an instrument designated "Notice of Sale of Lands" wherein plaintiff described defendant's land and claimed a commission of several hundred dollars by reason of the transaction had between the defendant and J. E. Butler; that the effect of such act was to slander defendant's title. Defendant prayed judgment for actual damages and exemplary damages.

The cause was submitted to a jury and resulted in a general verdict and judgment for defendant. Plaintiff appeals.

Plaintiff presents argument that the verdict of the jury was contrary to and against the weight of the evidence.

This court will not weigh the evidence in a case properly submitted to a jury. If there is any evidence, including every reasonable inference the jury could have drawn from the same, reasonably tending to support the verdict, this court will not reverse the case for insufficient evidence. Reed v. Scott, 50 Okla. 757, 151 P. 484.

In plaintiff's argument the following questions are presented:

"A. Was plaintiff employed by the defendant?"

"B. If and when plaintiff was employed did it perform the duty imposed, legally required of brokers under such circumstances, sufficient to entitle plaintiff to the commission claimed?"

Defendant admitted that he listed the Latimer county property for sale with plaintiff whose place of business was at Atoka in Atoka county. The property was listed at a price of $8.50 per acre with no mineral rights reserved. In reference to question "B" the alleged purchaser, J. E. Butler, gave testimony in part as follows: That he was a resident of Texas; that he read a newspaper advertisement about land close to Wilburton in Latimer county, Oklahoma, being for sale, and started from his home with the purpose of looking at such lands; that the advertisement was not an advertisement by plaintiff; that on the way to Wilburton he stopped at the office of plaintiff in Atoka; that plaintiff mentioned having several ranch properties listed for sale and upon Butler's evincing interest in the Wilburton vicinity plaintiff specifically mentioned the King Ranch as being near Wilburton and listed for sale with plaintiff at a price of $10.50 per acre with one-fourth of the oil rights reserved; that plaintiff gave a general description of the kinds of land which made up the King Ranch and gave the witness a roughly drawn plat marked King Ranch showing a location south of Wilburton; that he proceeded to Wilburton, made inquiry there of two men as to the location of the King Ranch, and after their statement made the remark that it was farther out than he wanted and was then told by these men that the Allen Ranch about eight miles south of town was for sale; that he went to the Allen Ranch and there learned the name of

le owner, the defendant herein, that e got in touch with defendant the next morning and that day entered into contract with defendant for the purchase of the property at a price of $8.50 per acre; that $1,000 was paid down and balance was to be paid at a future date; that he thereafter decided to forfeit the $1,000 payment and abandon the contract to purchase.

It was shown by the evidence that the property was sold by defendant to another party at a later date.

In Wheelen et al. v. Hunt, 37 Okla. 523, 133 P. 52, in the fourth paragraph of the syllabus this court said:

"The burden is on a broker in his action for a commission to show that he was the procuring or efficient cause of the sale."

And in the first paragraph of the syllabus it was said:

"To be the procuring cause of a sale a broker must first call the purchaser's attention to the property, and start negotiations which culminate in the sale thereof."

Although there were conflicts in the statements made by the witness Butler and there was eivdence presented tending to show that plaintiff called Butler's attention to the particular property of defendant, but inadvertently referred to it by name as the King Ranch instead of Allen Ranch, nevertheless, a clear inference may be drawn from that part of the testimony first above mentioned that plaintiff did not call Butler's attention to defendant's property or start the negotiations which culminated in the contract to purchase.

As above stated, in this kind of case, we will not weigh the evidence. It may be said of this case, as was said in Wheelan v. Hunt, supra:

"The question of whether plaintiffs were the procuring cause of sale is one of fact, and, there being evidence reasonably tending to support the verdict, it will not be disturbed on appeal."

The item of defendant's counterclaim for damages was not specifically mentioned in the jury verdict and we give no further consideration to such damage claim other than to say that it does not seem to be supported or justified by the evidence.

Affirmed.

HURST, C.J., and RILEY, BAYLESS, CORN, and GIBSON, JJ., concur.