## SHEPPARD v. GADDY.

No. 33641. March 7, 1950.

*215 P. 2d 827.*

James S. Watson, of Tulsa, for plaintiff in error.

Hudson, Hudson & Wheaton, of Tulsa, for defendant in error.

JOHNSON, J. The plaintiff, Desa Sheppard, commenced this action for damages against the defendant, Gaddy, who is a doctor of osteopathy, for alleged malpractice.

It appears from the record that, in 1944, Mrs. Sheppard was suffering a condition diagnosed by Dr. Gaddy as anemia. She later consulted the doctor and told him that she thought she was pregnant. An examination by the doctor disclosed that this was true. Mrs. Sheppard had some difficulty with her pregnancy in January, 1945. Through the doctor's care this trouble was alleviated, and it appeared that she would carry her baby the full time, which would be the month of May, 1945. She came to the doctor at regular intervals for examination, and the relationship between the plaintiff and her doctor was satisfactory up until May 14, 1945, when Mrs. Sheppard came to the doctor's office for a routine checkup. At that time the doctor informed Mrs. Sheppard that it was going to be necessary for him to be absent from his office for a few moments to get his mother, and that he would be back presently. Mrs. Sheppard did not wait until the doctor's return, but left in a few minutes.

There is little, if any, conflict in the testimony of plaintiff and defendant up to May 14, 1945, the day of Mrs. Sheppard's visit to the doctor's office.

The doctor testified that the next day he had a conversation over the telephone with her husband wherein he was advised by said husband that he was discharged and he intended to consult other physicians, and that he did not see her thereafter. Dr. Gaddy testified that he left Tulsa on or about the 24th day of May, 1945, to attend a graduation exercise at Kansas City, Mo., and that he did not return until the early days of June.

The plaintiff contends that continuing up until the latter days of May,

Dr. Gaddy refused to attend her although he was called repeatedly and told of her grave condition, and that in the latter days of May, at a time when the doctor claimed he was in Kansas City, the plaintiff and her husband were calling the doctor in Tulsa and seeking his assistance. The plaintiff contends that by reason of the failure and refusal of Dr. Gaddy to care for the plaintiff during the latter days of May, the unborn child had died and was delivered dead on or about the 5th day of June, 1945.

The case was submitted to the jury under the conflicting testimony of the witnesses and resulted in a verdict in favor of the defendant. The motion for new trial was heard and overruled, from which plaintiff appeals asserting: (1) That the court erred in overruling motion of plaintiff for new trial; (2) admitting over the objection of plaintiff incompetent, immaterial and prejudicial evidence on collateral matters not within the issues raised in the pleadings; (3) that the court erred in giving instruction No. 13 to the jury; (4) that the verdict of the jury is contrary to the evidence and unsupported thereby, and contrary to law.

Disposition of plaintiff's propositions 2, 3 and 4 will dispose of proposition No. 1.

For convenience we shall first consider plaintiff's proposition No. 4, that the verdict of the jury is contrary to the evidence and unsupported thereby and contrary to law. Defendant in his brief says that the plaintiff at the trial of the case did not take the position that the evidence was insufficient to support the defense offered by the defendant, did not demur to the defendant's evidence nor move for a directed verdict. Notwithstanding this situation, the plaintiff complains that the verdict is not supported by the proof.

In Norman v. Lambert, 64 Okla. 238, 167 P. 213, this court held in syllabus, pars. one and two:

"Where the plaintiff submits his case to the jury, without demurring to the evidence or asking an instructed verdict, or otherwise legally attacking its sufficiency, the question whether there is any evidence reasonably tending to support the defense is not presented for review by plaintiff's motion for a new trial."

"A motion for a new trial upon the ground 'that the verdict is contrary to law,' because of the insufficiency of the evidence (considered for the purposes of the case as sufficient to raise the question), adds nothing to the further ground, urged in connection therewith, that the verdict is not sustained by sufficient evidence."

And in the body of the opinion we said:

"It is a rule very generally followed that questions not presented in the trial court in some appropriate manner will not be considered by proceedings in error; that objections must be made in the trial court in order to reserve questions for review; also that questions respecting sufficiency of the evidence to authorize the submission of the cause to the jury must be raised by proper objection in the trial court, and will not be considered if raised for the first time on appeal; that whether there is any evidence tending to support a verdict cannot be raised for the first time on appeal. The proper mode of raising the objection that the evidence is insufficient to authorize a recovery is by demurrer to the evidence, or by motion or request for a directed verdict in favor of the party objecting, or, in some jurisdictions, by motion for a non-suit or dismissal. As a rule, such demurrer, request or motion is necessary in order that the objection may be considered on appeal. Muskogee Electric Traction Co. v. Reed, 35 Okla. 334, 130 P. 157; Bank of Cherokee v. Sneary, 46 Okla. 186, 148 P. 157; Reed v. Scott, 50 Okla. 757, 151 P. 484; Oaks v. Samples, 57 Okla. 660, 157 P. 739; Rutledge v. Jarvis et al., 60 Okla. 66, 158 P. 586."

In proposition No. 3, plaintiff complains of instruction No. 13.

As is disclosed by the case-made, counsel made no objection and took no exception to this instruction.

Title 12 O.S.A. §578 provides:

"A party excepting to the giving of instructions, or the refusal thereof, shall not be required to file a formal bill of exceptions; but it shall be sufficient to write at the close of each instruction, 'Refused and excepted to,' or 'Given and excepted to,' which shall be signed by the judge."

In Hayward v. St. Louis & S. F. Ry. Co., 196 Okla. 576, 166 P. 2d 774, this court held:

"Where a party to a suit fails to save a proper exception to an instruction given by the court the error, if any, in giving such instruction is waived and cannot be considered by this court on appeal."

In the second proposition it is urged that the court erred in admitting, over the objections of the plaintiff, incompetent, immaterial and prejudicial evidence on collateral matters not within the issues raised in the pleadings and excepted to by the plaintiff.

The record discloses that Roy C. Sheppard, husband of the plaintiff, was called as a witness in her behalf and on direct examination testified:

"He said, 'You can't get another doctor.' "

"I said, 'I think I can.' That was along about the third or fourth of June."

"He said, 'I am going to send you a statement for pre-natal care and you will pay me.' "

"I said, 'Doctor Gaddy, we have paid you along, and at that time we had paid him $41.00 on pre-natal care. So he sent me a statement, I think we got the statement, one after the death of the baby, after the baby was born, and I figured he had been paid and well paid."

Plaintiff's witness having thus testified on direct examination, the cross-examination was proper as to matters brought out on direct examination, together with any question which reasonably tended to explain, contradict, or discredit such testimony. Key v. British-American Oil Producing Co., 196 Okla. 663, 167 P. 2d 657.

O. D. Harvey was called as a witness for the defendant, who testified that he was the owner of the National Credit Bureau; that in the fall of 1946 he had a conference with Roy C. Sheppard, husband of the plaintiff, in connection with the collection for Dr. Gaddy of the account referred to in the testimony of the witness Sheppard; that in the course of his conference with Sheppard he told him that if Dr. Gaddy sued him on the account that he would sue Dr. Gaddy for malpractice.

Plaintiff urges that all the evidence submitted by defendant relative to the collection of this account was inadmissible and prejudicial.

The witness Sheppard was a material witness for the plaintiff, and it was competent for the defendant to introduce evidence for the purpose of showing the interest taken in a case by a material witness, either on cross-examination of the witness himself, or by independent proof by an impeaching witness. 58 Am. Jur. §723, pg. 390.

Further discussion of the record is unnecessary as there is conflict in the evidence, and there being no reversible error, the judgment of the trial court based upon the verdict of the jury is affirmed.