**YELLOW JACKET BOAT COMPANY, Inc., a Texas corporation, Plaintiff in Error,**

v.

**LITTLE GLASSES CORPORATION, Defendant in Error.**

No. 38297.

Supreme Court of Oklahoma.

March 17, 1959.

As Amended May 4, 1959.

Rehearing Denied May 5, 1959.

Reuel W. Little, Madill, for plaintiff in error.

Wilson Wallace, Ardmore, for defendant in error.

BERRY, Justice.

Yellow Jacket Corporation, hereafter referred to as "Yellow Jacket", brought suit for $496.30, the purchase price of a 14' Capri Deluxe boat and $577.50, the purchase price of a 15' Capri Deluxe boat, which it alleges it sold Little Glasses Corporation, hereafter referred to as "Corporation".

This case and a case styled Outboard Marine Center v. Little Glasses Corp., Okl. Sup., 338 P.2d 1101, and numbered 38,298 in this court, which case was decided this date, were consolidated for trial in the lower court. The parties waived a jury trial and tried the case to the court. The trial court

entered judgment for corporation. Yellow Jacket filed a motion for new trial and upon same being denied, perfected this appeal.

The only material difference in the facts in No. 38,298, supra, and this case is that the class of property in controversy and the disposition thereof differs. In making said statement, we have not overlooked that Hart drew checks on corporation's checking account in payment of the boats in controversy, which checks were not honored because of insufficient funds, and that the boats were invoiced to "Little Glasses Resort". We do not consider that this difference is significant. Our decision in No. 38,-298 relative to whether Hart acted as corporation's agent in conducting the boat-supply business is therefore applicable to this case.

Hart testified that proceeds accruing from the sale of boats were commingled with proceeds accruing from the resort business and were used in the resort business; that he delivered to a public accountant who officed in Madill records that would develop said facts. The certified public accountant was present at the trial but did not testify. Hart testified that upon leaving corporation's services several months before these actions were tried, he left all records then in his possession which pertained to the resort business and the boat business with corporation at the resort. He testified further that one of the boats in controversy (the record doesn't show which one) was sold and the proceeds accruing from the sale were used in the resort business; that the other boat was sold and the proceeds applied on Hart's indebtedness to the bank which arose out of the credit arrangement heretofore referred to.

The only evidence tending to overcome Hart's unequivocal testimony that corporation benefited from the purchase of one of the boats in controversy was Barnett's testimony. Barnett was asked if corporation received "any benefits of any kind or character from the sale of these two boats", and he answered "No". He, however, testified that he "could not deny or agree" that proceeds accruing from the sale of boats and

boat supplies by Hart were paid to the corporation. He was asked if he had made any attempt to disprove by the records whether proceeds from the boat and boat-supply business were put into the corporation and he answered "No". Barnett testified that "I have no records of any of this boat business". He, however, testified to facts which develop that corporation had in its possession records that would tend to disclose whether corporation benefited from the transactions in controversy.

■■ We are of the opinion that Barnett's testimony in the foregoing particulars is insufficient to overcome Hart's testimony to the effect that one of the boats in controversy was sold and the proceeds of the sale were used in corporation's resort business. For said reason our opinion in No. 38,298 to the effect that where one voluntarily and with knowledge of the facts accepts the benefits of an act purporting to have been done on his account, by one claiming to act as his agent, though without authority, he thereby ratifies such act and makes it his own as fully as though he had authorized it in the beginning, and he may not ordinarily take the benefits and reject the burdens, but must either accept them or reject them as a whole, applies here.

In connection with the remaining boat, the record shows that it was traded for a Chris-Craft boat, which last-mentioned boat was sold and the proceeds of the sale applied to Hart's indebtedness to the bank that arose out of Hart's credit arrangement with the bank which we have heretofore referred to. The matter of whether corporation benefited from the Chris-Craft boat transaction is not developed by the record. If Hart received any boot on the trade, corporation apparently benefited and to the extent that corporation may have benefited from this transaction, our decision in No. 38,298 in the foregoing particulars governs.

■ From an examination of the record in this jury-waived law action, or case of legal cognizance, we conclude that the trial court's judgment is not sustained by the evidence and is contrary to law and for said reason the case is remanded for a new trial.