MISSOURI–KANSAS–TEXAS RAILROAD
COMPANY, a Corporation,
Plaintiff in Error,

v.

Floyd FRENCH, Defendant in Error.

No. 38925.

Supreme Court of Oklahoma.

Nov. 28, 1961.

Rehearing Denied Feb. 13, 1962.

Lloyd W. Jones, Denison, Tex., Joe G. Ralls, Atoka, Kelly Brown, Muskogee, for plaintiff in error.

James W. Batchelor and Melvin H. Landers, Durant, for defendant in error.

JACKSON, Justice.

Plaintiff French sued defendant Missouri-Kansas-Texas Railroad Company for damages resulting from a collision between plaintiff's truck and defendant's train at a railway crossing in Stringtown, Oklahoma.

Plaintiff's petition alleged negligence in the following particulars: failure to sound the whistle or ring the bell on the locomotive; unreasonable and excessive speed; in permitting the crossing to become rough, uneven and unsafe for the passage of vehicles; in permitting the view at the crossing to become obscured and obstructed; in failing to protect the crossing with gates, automatic bells or other warning devices, or with a flagman; in failure to slacken the speed of the train after discovering plaintiff's position of peril.

Defendant's answer generally and specifically denied the material allegations of the petition and affirmatively pleaded contributory negligence; and that the accident was due solely to the negligence of plaintiff. Defendant also specifically pleaded an ordinance of the city of Stringtown requiring motorists to stop before crossing a railroad.

Verdict and judgment were for plaintiff, and defendant appeals.

Defendant here argues three propositions, the first being that the court erred in overruling defendant's demurrers to the evidence, motion for directed verdict, motion for new trial, and in refusing to give defendant's requested peremptory instruction to find for defendant. These allegations of error are not discussed separately, but are argued together under the general proposition that the evidence here is insufficient to support the verdict and judgment.

In support of this argument, defendant railroad sets out in its brief parts of the testimony of plaintiff and one other witness, and argues that the evidence noted establishes without contradiction the following: that plaintiff had lived in Stringtown over 40 years and was well acquainted with the crossing; that he was driving 8 or 10 miles per hour just before the accident; that plaintiff could see clearly to the north when he was 40 feet from the railroad track; that his view of the "crossarm" warning sign was not obstructed; that the brakes on his truck were defective; that he "killed his motor" on the railroad track; that he did not stop before starting across the track; that he heard the "rumbling" of the train but customarily did not pay any attention to the "rumbling"; that there were four people in the cab of the truck at the time of the accident.

We cannot agree that all of the above was established without contradiction. For instance, there was other testimony by plaintiff that he stopped his truck "almost in its tracks", and this was sufficient to create a conflict in the evidence on the question of whether his brakes were defective. Also, it might be noted that he did not testify *how far* north he could see when he was 40 feet from the track.

However, conceding for purposes of argument only that the above "facts" are uncontradicted there were other allegations of negligence which the above "facts" do not rule out.

Plaintiff alleged that defendant was negligent in driving its train at an excessive and unreasonable speed, and there was evidence that it was going "between 60 and 70 miles an hour" as it entered Stringtown.

There was conflicting evidence on whether the engineer sounded the whistle or rang the bell on the locomotive.

There was conflicting evidence on the question of whether the view of plaintiff was obstructed, or partially obstructed, by piles of crossties, outhouses, high weeds and a mound of dirt.

There was conflicting evidence as to whether the crossing itself was rough and uneven.

Under the evidence in this case, the jury was at liberty to find that any one of the above circumstances, or a combination of them, was the proximate cause of the accident.

In support of its general proposition, defendant railroad cites Oklahoma City-Ada-Atoka Ry. Co. v. Nickels, Okl., 343 P.2d 1094; Kansas, Oklahoma & Gulf Ry. Co. v. Painter, Okl., 333 P.2d 547; Thompson v. Carter, 192 Okl. 579, 137 P.2d 956; and other cases, to the general effect that the presence of a train or railway cars, whether moving or stationary, on a crossing, is sufficient notice of danger to persons about to use the crossing. These cases are not in point on the facts; in the case before us, there is no allegation or evidence that the train entered the crossing first.

Defendant also cites Moody v. Childers, Okl., 344 P.2d 262, to the effect that the presence of a railroad *track* is notice of danger to the extent that it is the duty of persons about to use the crossing to "look and listen" before crossing. In the instant case, there was evidence that plaintiff looked both ways before crossing, and that he did not hear the whistle or bell on the locomotive.

Defendant argues that plaintiff's conduct in violating the traffic ordinance which required him to stop before crossing the track constituted negligence per se. However, negligence *per se,* to bar a recovery here, must be the proximate or contributing cause of the accident. Sinclair Prairie Oil Co. v. Stell, 190 Okl. 344, 124 P.2d 255. Where the evidence is in conflict, or where reasonable men might differ as to the effect of the evidence, proximate cause is a question for the jury. Missouri, Kansas & Texas Ry. Co. v.

Perino, 118 Okl. 138, 247 P. 41, 47 A.L.R. 283. In the instant case, this issue was submitted to the jury under proper instructions to which no objection was made.

Where it is contended that the jury's verdict and trial court's judgment thereon are not sustained by the evidence, such contention on appeal will be held without merit if there is any evidence, though conflicting, reasonably tending to support such judgment and verdict. Oklahoma Turnpike Authority v. Wilcox, Okl., 341 P.2d 263.

Our examination of the evidence in the case before us shows that there was evidence which, though conflicting, reasonably tends to support the verdict and judgment. Defendant's first proposition is therefore without merit.

Defendant's second proposition is that the court erred in two separate instructions, in instructing the jury that it was the duty of defendant railroad to give warning both by ringing the bell *and* blowing the whistle as the train approached the crossing. It may be conceded, under authority of Missouri, O. & G. Ry. Co. v. Parker, 50 Okl. 491, 151 P. 325, and Title 66 O.S.1951, § 126, that such was error, since the statute merely requires that the bell or whistle shall be "rung *or* whistled". However, in several other places in the instructions where there was reference to this statutory requirement, the court used the word "or" instead of "and". We therefore hold that the defendant was not prejudiced by this error. As a matter of fact, in Missouri, O. & G. Ry. Co. v. Parker, supra, cited by defendant, a verdict for plaintiff was sustained in spite of the error noted. An erroneous instruction which causes no prejudice to appellant will not require reversal of the judgment rendered, on appeal. Heggem v. Kilpatrick, 133 Okl. 145, 271 P. 643.

Defendant complains of other instructions but since no exception to them was saved in the court below, the error, if any, is waived and will not be considered by this court on appeal. Hayward v.

St. Louis & S. F. Ry. Co., 196 Okl. 576, 166 P.2d 774.

█ Defendant's third proposition is that the court erred in the admission of certain evidence. This proposition is not separately argued in the brief, and since no authority is cited in support thereof, and it not appearing without further research that this proposition has merit, it will not be considered. Rush v. Brown, 187 Okl. 97, 101 P.2d 262.

The judgment of the trial court is affirmed.

WILLIAMS, C. J., and DAVISON, IRWIN and BERRY, JJ., concur.

BLACKBIRD, V. C. J., and HALLEY and JOHNSON, JJ., dissent.