HALLEY, C. J., and DAVISON, WILLIAMS, BLACKBIRD, BERRY, HODGES and LAVENDER, JJ., concur.

LeRoy WILLIAMS and A. E. Gibson, Plaintiffs in Error,

v.

Mildred GILGER, Defendant in Error.

No. 41059.

Supreme Court of Oklahoma.

Feb. 22, 1966.

Rehearing Denied May 31, 1966.

John L. Dunn, Tulsa, H. W. Conyers, Jr., Tulsa, for plaintiff in error, A. E. Gibson.

Knight & Wilburn, by Ray H. Wilburn, Tulsa, for defendant in error.

PER CURIAM.

Plaintiffs in error were defendants and defendant in error was plaintiff in the trial court and they will be referred to here as they appeared in the trial court. Plaintiff brought suit against both defendants to recover damages to her automobile and loss of use thereof as a result of a two-car accident occurring in Tulsa, Oklahoma. All three parties were operating separate automobiles at the time of the accident and plaintiff alleged that the defendants operated their separate automobiles in a negligent manner and such negligence commingled and proximately caused the accident. Defendant Gibson's car was not in the accident but there inheres in the trial court's judgment a finding that defendant Gibson was operating his automobile in a negligent manner and such negligence proximately caused the collision between plaintiff's automobile and the automobile operated by defendant Williams.

The record discloses that plaintiff was driving south on Harvard Street, which has four lanes for traffic with parking areas on each side. Two lanes are designated for the traffic flowing in each direction. The defendant, A. E. Gibson, was driving his automobile in the same direction on the inside lane of the two southbound traffic lanes, slightly behind and to the left of the plaintiff. The defendant, LeRoy Williams, was driving north in the left of the two traffic lanes. It had been raining, and the pavement was wet and slick. Defendant Gibson made a left turn, not at an intersection, to cross the traffic lanes designated for northbound traffic,

for the purpose of entering a parking lot on the east side of the street. Defendant Williams made a sudden turn to his left in order to avoid the vehicle of the defendant Gibson; lost control of his automobile, and struck the plaintiff's automobile, causing the resulting damages.

The case was tried to the court without a jury, the plaintiff called both the defendants as her witnesses, and each defendant blamed the other's negligence for the accident. Judgment was entered for plaintiff for the total amount sued for against the defendant Gibson, and judgment was entered against the plaintiff and in favor of the defendant Williams. The defendant Gibson has appealed from the order overruling his motion for a new trial. Plaintiff did not file a motion for a new trial from the judgment rendered against her in favor of defendant Williams and that judgment has become final.

Defendant Gibson contends that the evidence is insufficient to sustain the finding of the trial court that he was negligent; and if he was negligent, the evidence was insufficient to sustain a finding that such negligence was the proximate cause of the accident. In this connection, he argues that the actions of defendant Williams were the sole and proximate cause of the accident.

Defendant Gibson testified that he stopped, preparatory to making a left turn in order to cross that portion of the street to his left, and enter a parking lot; that he actuated mechanical turn signals indicating a left turn, and waited for an oncoming automobile to clear the street to his left; that he saw the vehicle of defendant Williams at the time he executed his left turn, and it was beyond the intersection at the south end of the block "from 250 to 300 feet away"; that after he made his turn, he proceeded on to the parking lot, parked his car and got out; and that he then heard a crash and saw the collision between the vehicles of the plaintiff and the defendant, Williams.

Defendant Williams testified that he was driving about 30 miles per hour; that his tires were worn, and that the pavement was slippery from the rain; that he had passed the intersection at the south end of the block, and was within 50 to 60 feet of defendant Gibson when he saw Gibson make a sudden left turn in front of him and he swerved to his left in order to miss Gibson's vehicle; and due to the wet pavement, skidded into plaintiff's vehicle.

Ordinances of the City of Tulsa, introduced into evidence, provide a speed limit of twenty-five miles per hour, provide for a careful, prudent and reasonable speed, having due regard to visibility, weather, traffic conditions and mechanical conditions of the vehicle, and further provide that a vehicle making a left turn shall yield the right-of-way to oncoming vehicles.

Whether the evidence adduced that defendant Gibson made a left turn in front of the oncoming automobile of defendant Williams 50 to 60 feet away was in violation of an ordinance requiring him to yield the right-of-way to oncoming traffic and whether such violation was the proximate cause of the accident were questions of fact for the trier of the facts to resolve. The trial court resolved these questions against defendant Gibson.

Whether the trial court was justified in exonerating defendant Williams from liability to plaintiff is not an issue in this appeal. As heretofore stated, the judgment is final concerning that issue.

 If there is any competent evidence to support the finding of the court with respect to the negligence of a defendant, the Supreme Court will not disturb the finding. Missouri-Kansas-Texas Railroad Company v. French, Okl., 368 P.2d 652; McKinney v. Bland, 188 Okl. 661, 112 P.2d 798. The same rule applies with respect to a finding that the negligence was the proximate cause of the damage. It makes no difference whether the case is tried with a jury or to the court without the intervention of a jury.

■ We find from a review of the evidence that there is competent evidence to support the findings of the trial court that the defendant Gibson, was negligent, and that his negligence was the proximate cause of the accident and damage. Judgment of the trial court, based upon such findings, will not be disturbed by this Court on appeal.

The judgment of the trial court is affirmed.

The Court acknowledges the services of Carmon C. Harris, who with the aid and counsel of Walter Hanson and George J. Fagin, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to Justice Pat Irwin, for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.