CITY OF SHAWNEE v. SPARKS.

No. 591. Opinion Filed July 12, 1910.

(110 Pac. 884.)

TRIAL—Argument of Counsel—Misconduct. Where counsel in argument makes statement of a material fact not in evidence against the objection of the other party, he violates the right of a fair trial, and where the trial judge fails to pass squarely on the objection, and, if sustained, fails to admonish the jury to disregard such statement as not in evidence, we must reverse, unless this court can ascertain from the record that no harm resulted.

(Syllabus by the Court.)

*Error from District Court, Pottawatomie County; W. N. Maben, Judge.*

Action by Daniel P. Sparks against the City of Shawnee. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*P. O. Cassidy, W. M. Engart, F. H. Reily,* and *J. H. Woods,* for plaintiff in error.—Citing: *Huckell v. McCoy* (Kan.) 15 Pac. 870; *Belyea v. Ry. Co.* (Minn.) 63 Pac. 627; *Brenner v. Green Bay, etc., Co.* (Wis.) 20 N. W. 687; *Bullard v. Railroad Co.* (N. H.) 5 Atl. 838; *Lindsay v. Pettigrew* (S. D.) 52 N. W. 873; *Paper Co. v. Banks,* 15 Neb. 20; *Kinnaman v. Kinnaman,* 71 Ind. 417; *Mainard v. Reider,* 2 Ind. App. 115; Thompson on Trials, sec. 963.

*W. T. Freeling* and *S. P. Freeling,* for defendant in error.

TURNER, J. On September 17, 1906, Daniel P. Sparks, defendant in error, sued the city of Shawnee in the district court of Pottawatomie county in damages for personal injuries. His petition substantially states that defendant is a city of the first class under the laws of the state; that Tenth street in said city is an open public highway extending through the same from east to west; that Broadway street is an open public highway extending through said city from north to south and intersects Tenth street; that along the west side of Broadway street at its place of intersection with Tenth street there is a footway and sidewalk crossing said street; that said streets and sidewalks are under the control of said city; that about January 12, 1906, under the supervision of said city and under its ordinances and franchises, some person to plaintiff unknown excavated a ditch about seven feet deep and two feet wide along and in Tenth street and across the footwalk along the west side of Broadway street where it crosses Tenth street, and that said city, well knowing said ditch was dangerous, permitted it to remain open without proper light, guard, or signal; that on or about 10:30 o'clock on the night of January 12, 1906, plaintiff while proceeding along Broadway

street, using due care and caution and without fault on his part, fell into said ditch, and was badly injured and incapacitated to labor for about six months, to his damage, $11,650. After answer filed, in effect, a general denial, and a plea of contributory negligence, there was trial to a jury which resulted in judgment for plaintiff for $3,500, and defendant brings the case here.

In his opening argument to the jury Mr. Freeling, counsel for plaintiff, said:

"Gentlemen of the jury, the city of Shawnee does not care whether you return a verdict against it or not. If you do return a verdict against it, it has its remedy against the Shawnee Gas & Electric Company. Why, gentlemen of the jury, P. O. Cassidy, the city attorney, is not here looking after the interests of the city in this case"—

to which statement defendant at the time objected and excepted, whereupon the court failed to state whether the same was sustained or overruled, but admonished the jury not to consider the statement so made as to the interest or the lack of interest of defendant in the case as affecting its liability, nor the absence of Judge Cassidy, the city attorney, but to determine the question of liability from the law and evidence. After attorneys for defendant had argued the cause to the jury, Mr. Williams, another attorney, closed the argument for plaintiff, and in so doing said:

"The defendant will not lose anything by a verdict against it for damages in this case, as the defendant had a contract with the Shawnee Gas & Electric Company to reimburse the defendant, and hold it harmless, and protect it against any claim or judgment against it on account of any accident that might happen to anyone through or by the carelessness of the Shawnee Gas & Electric Company"—

to which defendant objected and excepted, whereupon the court said:

"Gentlemen of the jury, you will not consider statements of counsel made in their argument outside of the record. You will consider only the evidence before you and the instructions of the court.".

It is assigned that the court erred in overruling defendant's

motion for a new trial, alleging as ground therefor misconduct of counsel in making said statements. When counsel for plaintiff made the statement in effect that defendant did not care whether judgment went against it or not, and to emphasize his statement, referred to Judge Cassidy as not being there looking after the interest of the city in the case, he made statement of a material fact not in evidence and so braced it with a physical fact as to violate the right of a fair trial.

In *Bullard v. Boston & M. R. R.,* 64 N. H. 27, 5 Atl. 838, 10 Am. St. Rep. 367, defendant's counsel, in his argument to the jury, commented on the fact that one of plaintiff's consulting physicians had not been called as a witness. No argumentative reply was made, but plaintiff's counsel said that the physician had not been called because he found from conversation with him that he had not examined the plaintiff, and could give no testimony as to her condition. To this defendants excepted, the court sustained the exception and told the jury to disregard the statement, whereupon counsel said he would "take it all back." There was verdict for plaintiff. On appeal the Supreme Court, in granting defendant a new trial, said:

"If this hearsay proof of a material fact had been received from a witness, its unrevoked admission would have been corrected by a new trial. The physician conversed without the moral and legal sanction of an oath, and without the test of cross-examination. His conversation, not provable by a witness, was proved by a person not a witness, not sworn, and not subject to cross-examination. Had the plaintiff's whole case been proved in the same way, the error, though extended in fact over more ground, would not have been raised to a higher degree of illegality. If the plaintiff could retain a verdict obtained or enhanced by her counsel's unsworn assertion of inadmissible hearsay in argument, the actual wrong done the defendants would be no greater were it accomplished by other persons giving the jury the same kind of proof privately and criminally. The court had no more authority to admit the hearsay, and dispense with the oath and the opportunity for cross-examination required by law, than to render judgment without any form or pretense of trial, upon a rumor casually heard in the street. The law does not transfer the defendants'

property to the plaintiff as damages without a fair trial, and in a legal sense a trial is not fair when such statements as were made in this case have any influence favorable to the party making them. He is therefore bound to do everything necessary to be done to rectify his wrong, and restore to the trial the fairness of which he has divested it. He is legally and equitably bound to prevent his statement having any effect upon the verdict. This he cannot do without explicitly and unqualifiedly acknowledging his error, and withdrawing his remark in a manner that will go as far as any retraction can go to erase from the minds of the jury the impression his remark was calculated to make. But it is by no means certain that the jury will, at his request, disregard the fact stated. It is necessary they should be instructed that the unsworn remark is not evidence, and can have no weight in favor of the party improperly making it. It is the duty of the wrongdoer to request such instructions. The other party does his duty when he objects to the wrong inflicted upon him, and does not allow it to be understood that he waives his objection. In spite of the fullest and frankest retraction, and the most explicit and emphatic instructions to lay the remark entirely out of consideration, the trial may not be fair. It may not be in the power of the retracting counsel and the court to remove the prejudice. Their combined and vigorous exertions may not control the mental operations of the jury. The jury may not be able to wholly free their memory or their judgment from the unfair and illegal impression made by a plausible statement of fact, which may seem to them entitled to more respect than the rule of law that excludes it. The statement, withdrawn not because it is contrary to the fact, but because it is not a legal mode of proving the fact, may do as much damage as if it had not been withdrawn."

In *Lindsay v. Pettigrew,* 3 S. D. 199, 52 N. W. 873, defendant's motion for a new trial recited that the attorney for plaintiff in his argument, among other things, called the attention of the jury to the fact that defendant had taken a change of venue and otherwise harassed him by delay; that plaintiff had defeated defendant in other litigation involving the same matters in controversy; that plaintiff personally abused defendant and used every means in his power to arouse the prejudice of the jury against the defendant; that defendant's counsel called the court's attention to the remarks, whereupon the court ruled that plain-

tiff's counsel must keep his argument within the evidence before the jury; that notwithstanding the ruling he persisted in the same line of argument. The motion was overruled, but on appeal this was held error, and in reversing the case the court said:

"If counsel can be permitted to make assertions of facts not supported by the evidence, there is great danger that the jury will lose sight of the issues in the case, and be improperly influenced by such statements, to the prejudice of the adverse party. Within the limits of the testimony, the right of argument, criticism, and comment is free; but when counsel makes assertions calculated to prejudice the minds of the jury, not warranted by the testimony before them, he goes beyond the freedom of discussion the law and the courts allow him. The only matters proper to be considered by the jury are the issues raised by the pleadings and the evidence admitted by the court. The length of time a cause has been pending in the court, the proceedings had to obtain a change of venue, or had under such change or otherwise, and the fact of other litigation between the parties and the result of the same, are not matters with which the jury have any concern. To bring such matters, therefore, to the attention of the jury for the purpose of creating in their minds a prejudice against a party and influencing their verdict, is to transcend the freedom allowed counsel in the proper presentation of their cause to the jury."

And quoting approvingly from *Brown v. Swineford*, 44 Wis. 282, 28 Am. Rep. 582, said:

" 'Doubtless the circuit court can, as it did in this case, charge the jury to disregard all statements of fact not in evidence. But it is not so certain that a jury will do so. Verdicts are too often found against evidence and without evidence to warrant so great a reliance on the discrimination of juries; and, without notes of the evidence, it may be often difficult for juries to discriminate between the statements of fact by counsel, following the evidence and outside of it. It is sufficient that the extraprofessional statement of counsel may gravely prejudice the jury, and affect the verdict.' "

See, also, Thompson on Trials, § 963; *Paper Co. v. Banks*, 15 Neb. 20, 16 N. W. 833, 48 Am. Rep. 334; *Huckell v. McCoy*, 38 Kan. 53, 15 Pac. 870; *Belyea v. Minneapolis & St. P. & S. S. R. Co.*, 61 Minn. 224, 63 N. W. 627.

. It will not do to say that the objection of counsel followed
by the admonition of the judge not to consider the statement as
to the interest or lack of interest of defendant in the case as af-
fecting its liability nor the absence of Judge Cassidy, but to de-
termine the question of liability from the law and the evidence,
was sufficient to cure the prejudice; for the reason that it was
the duty of the judge to pass squarely upon the objection, and
either sustain or overrule it, and, if sustained, to instruct the jury
to disregard the fact stated as not in evidence and not, by telling
them to determine the question of liability on the law and the
evidence, apparently leave it to the jury to first determine whether
the objectionable statement was or was not in evidence. But
plaintiff seeks to justify the language complained of, and, in ef-
fect, contends that because in section 3 of the ordinance pursuant
to which the Shawnee Gas & Electric Company dug the ditch said
company agreed to indemnify and hold defendant harmless against
all suits, judgments, or liabilities of any kind that it might be
subject to or incur in consequence of or growing out of such work,
and as said ordinance was in evidence, that said remarks were
within the record. Not so, for the reason that, while it does not
appear for what purpose said ordinance was introduced by plain-
tiff, it certainly was not introduced to prove and did not prove or
justify the statement of counsel that the city did not care whether
judgment went against it or not, which was to say, in effect, that
its defense of the action was insincere, and not made in good faith,
and for which reason Judge Cassidy was not present and conduct-
ing it. The ordinance was introduced after the following:

"It is now agreed by and between the parties and their re-
spective counsel in this case that the ditch in controversy at the
point where the accident occurred was dug by the Shawnee Gas
& Electric Company under and by virtue of a license from the city
of Shawnee, as given by ordinance franchise granted by the said
city of Shawnee to the said gas and electric company, and that the
city was exercising no supervision or control over the digging of
the ditch or the laying of the gas pipe, the plaintiff reserving any
legal propositions, and not intending to stipulate away any legal

question in this matter, and only stipulating as to the facts with reference to the digging of the ditch and the laying of the pipe."

Being introduced in evidence generally; it was in for what probative force it was worth, but was worth nothing to prove the agreement of indemnity between the Shawnee Gas & Electric Company and defendant contained in said section, as proof of that fact tended to support no issue in the case. While said agreement might be technically in the record, it was not in evidence. The court, in effect, so held when he admonished counsel to confine themselves to the evidence. This ruling of the court was correct, and, being uncomplained of, must stand. It is not everything that appears in the record which is a subject of argument to the jury. In *Campbell v. Maher,* 105 Ind. 383, 4 N. E. 911, the remarks of counsel made the basis of a motion for a new trial were that he had commented on the fact that plaintiff had taken a change of venue. The trial court held such to be proper. The Supreme Court in reversing the case said:

"The comments of counsel were not mere general fugitive statements, but they were reiterated, and they were also sanctioned by the ruling of the court, so that there was a deliberate and emphatic presentation of an improper subject to the jury, and, unless we can ascertain from the record that no harm resulted, we must reverse."

We are therefore of opinion that as plaintiff through his counsel, by way of the remarks complained of, improperly got to the jury the statement of a fact not in evidence which in all fairness should not have been made and which when made should have been by counsel making it immediately and fully retracted instead of, as it was, in effect, deliberately persisted in, and as we cannot ascertain from the record and counsel do not attempt to show that no harm resulted, but, on the other hand, we can say that the remarks were well calculated to and doubtless did enter improperly into the minds of the jury in making up its

verdict, we must reverse and remand the cause for a new trial, and it is so ordered.

DUNN, C. J., and Hayes and WILLIAMS, JJ., concur; KANE, J., not participating.