## GREEN CONSTRUCTION CO. v. LAMPE et al.

No. 24067.   Sept. 25, 1935.

Rehearing Denied Oct. 29, 1935.

Rittenhouse, Webster & Rittenhouse, for plaintiff in error.

Gomer Smith and O. A. Cargill, for defendants in error.

RILEY, J. This is an action for wrongful death of Ted Lampe. It is prosecuted by the surviving widow and minor child, heirs at law and next of kin of deceased, against Green Construction Company, employer of deceased. The death occurred on April 5, 1931, as a result of an accident while deceased, in the service of the master, accompanied Walter Godfrey, a fellow employee, on an automobile truck and trailer en route on the highway three miles east of Prague, Okla. Godfrey was driver and operator of the truck. Lampe was a helper. Both lost their lives as a result of the accident.

The allegations of negligence contained in the petition are that "when said truck got out of control of the driver * * * the trailer was not properly fastened to said truck and became loose and out of control," and that it ran upon, against, and over said truck, wrecking it and killing the driver and Lampe.

The defendant denied generally, pleaded assumption of risk in that the deceased was a helper of the driver of the truck, experienced in the operation of trucks generally and fully acquainted with this particular truck and trailer and well acquainted with the connections thereof, which were open, obvious, and apparent. Contributory negligence was pleaded as a defense by the allegation that deceased was killed by reason of the negligence of Godfrey, a fellow servant, who drove the truck over a road covered with loose gravel, and around a sharp "S" curve at a high rate of speed in violation of state law, and that by reason of the speed of the truck under the road conditions the truck was unable to make such curve, the truck going over into the ditch and the trailer thereupon pulling loose and riding on and upon said truck while it was in the ditch, thereby killing the deceased, by reason whereof plaintiff is not entitled to recover herein."

Judgment was for plaintiffs and against defendant in the sum of $8,000, based on the verdict of the jury, and defendant appeals.

Defendant below, plaintiff in error, asserts error based on plaintiff's voir dire examination of the jury. It appears that plaintiff's counsel inquired of the first juror (R. 46): "Do you know Mr. R. O. Stewart with the Southern Surety Company?" Mr. Stewart was a representative of the insurance company with which the defendant corporation carried liability insurance, and he was then present at the counsel table, and appeared to be interested in the case. It cannot be said that the question was not propounded in good faith and for the purpose of enabling an intelligent exercise of challenge to the qualifications of the juror. Rhodes v. Lamar, 145 Okla. 223, 292 P. 335; Bass Furn. & Carpet Co. v. Electric Supply Co., 101 Okla. 293, 225 P. 519; Wendel v. City Ice Co. (Mo. App.) 22 S. W. (2d) 215.

The contention is without merit and the rule stated in Yoast v. Sims, 122 Okla. 200, 253 P. 504, is not applicable to the facts and circumstances presented by this contention.

It is contended that defendant was deprived of a fair and impartial trial and its

rights were prejudiced by reason of misconduct and irregularity of plaintiff's counsel.

On pages 287-290 of the record it appears that the trial court sustained an objection to a question propounded by plaintiff's counsel, whereupon a similar question was propounded and objection sustained and counsel remarked:

"Wait a minute, the court please, this ought not be a game at concealing the facts."

This was improper conduct and its effect was prejudicial.

Later the record shows, when objection was made, the same counsel stated:

"Sure, you would make an objection. There is 9,000 of them."

Other inappropriate remarks occurred (R. 484):

"They say another thing, 'Don't have sympathy', Why? Because they represent a corporation that can have no sympathy. A corporation is a legal entity created by law (objection) made by an organization of men, that can have no sympathy (objection). The Court: Confine yourself as well as you can to the evidence. They brought it out. It is a corporation."

The trial court instructed (19, R. 480):

"You cannot allow for grief or anguish of mind arising from the death of deceased."

Nevertheless the argument of counsel for plaintiffs was improper (R. 150) in stressing consideration of these things prohibited as a measure of damage.

An example of an appeal made to the jury by counsel for plaintiffs is shown on page 489 of the record:

"If you render a judgment, you know there will be some way it can be charged off as against the corporation on their books. It is a matter of figures, the way a corporation is organized," etc.

This we hold is prejudicial error. City of Shawnee v. Sparks, 26 Okla. 665, 110 P. 884.

We held in the case of Bristow v. Pinkley, 158 Okla. 104, 12 P. (2d) 229:

"We do not believe that a trial conducted in the way the evidence shows this was conducted is a fair and impartial trial as guaranteed by our law."

The same rule applies in the case at bar.

Error is predicated on the admission of evidence as not bearing upon the allegations of negligence heretofore set out, but dealing with the braking equipment of the truck and the absence of brakes on the trailer, and error is predicated upon the admission of other evidence, a part of which was withdrawn by the court from the consideration of the jury.

It is also contended that the evidence adduced by plaintiffs is insufficient to establish primary negligence on the part of defendant, but in view of our conclusion heretofore reached and the opportunity that will be afforded to avoid these matters of contention upon a new trial, no benefit can be gained by a further consideration on this appeal.

Judgment reversed and cause remanded for a new trial.

McNEILL, C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.