### HARRIS v. ELLIOTT.

No. 25109. Sept. 22, 1936.

Rehearing Denied Oct. 27, 1936.

Ames, Cochran, Ames & Monnet and Pierce, Follens & Rucker, for plaintiff in error.

W. P. Morrison, A. L. Morrison, and John Morrison, for defendant in error.

GIBSON, J. This is a personal injury action brought here by defendant from a verdict rendered in the district court of Canadian county. The parties are referred to herein as they appeared at the trial.

Defendant assigns as error the action of the trial court in overruling her motion for a mistrial based upon alleged prejudicial references on the part of plaintiff and her counsel to defendant's liability insurance.

Certain questions were propounded to the jurors on voir dire examination concerning any connection or interest of the individual jurors with or in indemnity insurance societies. The next alleged reference to insurance occurred when plaintiff on redirect examination testified that an "adjuster" had visited her at the hospital seeking a statement from her concerning the accident. The third alleged prejudicial reference was made by plaintiff's counsel in his argument to the jury. After referring to plaintiff and defendant as close friends, he stated: "Mrs. Harris (the defendant), I am sure, has made ample protection for taking care of the judgment that you may render in this case, up to $20,000 that we are asking for."

Defendant made timely motion for a mistrial assigning as grounds all the foregoing alleged references to indemnity insurance, and the motion was overruled. The cause was submitted to the jury and a verdict for $10,000 resulted.

In a personal injury action the element of indemnity insurance is wholly irrelevant to the issues of the case and, ordinarily, improper reference by plaintiff or counsel to such insurance is presumed an unwarranted appeal to the prejudice of the jury, and in such case timely motion for a mistrial should be sustained by the court. Beatrice Creamery Co. v. Goldman, 175 Okla. 300, 52 P. (2d) 1033.

The plaintiff on voir dire examination may examine jurors concerning their probable connection with or interest in indemnity insurance companies. Beasley v. Bond, 173 Okla. 355, 48 P. (2d) 299. This upon the principle that plaintiff is entitled to a jury free from bias and prejudice. 56 A. L. R. 1454; 74 A. L. R. 860; 95 A. L. R. 388, 404. See, also, Kennedy v. Raby, 174 Okla. 332, 50 P. (2d) 716, and Green Construction Co. v. Lampe, 174 Okla. 351, 50 P. (2d) 286. These decisions clearly confine the plaintiff on voir dire examination within the bounds of his own good faith and proper purpose.

Under the settled doctrine in this state the questions on voir dire examination in the instant case, standing alone, were insufficient ground for a mistrial in the absence of showing of bad faith on the part of counsel. The questions propounded, although highly suggestive of insurance to the man of average intelligence, are recognized as proper. Though proper in themselves, such questions on voir dire may be shown to have been asked in bad faith when they were taken and considered with other subsequent improper and immaterial references to insurance made at the trial by plaintiff and counsel.

On another occasion we have said that the question of design or bad faith on the part of counsel or plaintiff in injecting the insurance element into the trial in an irrelevant manner is not so much to be considered as is the question of the prejudicial or damaging effect of the declarations. Beatrice Creamery Co. v. Goldman, supra. The fun-

damental and controlling question in such case is whether the reference to insurance has prevented defendant from having a fair trial of the issues. The record here convinces us that this irrelevant and damaging fact was so placed before the jury in the instant case as to result in an unfair trial of the cause.

Although the questions on voir dire examination of the jury may have been highly suggestive of insurance, and may be said to have already, and legally, established the fact of insurance in the minds of the jurors and thus created a prejudice against defendant for which the plaintiff was not accountable, it does not follow that the question of insurance may be injected into the trial and the matter opened for general discussion or reference. Here, by innuendo, if not by direct and plain reference, the plaintiff has implanted in the minds of the jurors the irrelevant and prejudicial issue of insurance. If any doubt that insurance existed remained in the minds of the jurors after their voir dire examination, that doubt was removed by the subsequent statement of plaintiff and counsel.

Here the jury were made aware of the fact that the litigating parties were close friends and occupied a room together in the hospital after the accident when, under plaintiff's testimony, an "adjuster" came to see her. Under such circumstances, the question of insurance having already been strongly suggested, the reference to an "adjuster" could have meant nothing to the jury other than the adjuster was one representing an insurer. Certainly, the jury would not infer that the adjuster had come in the interest of defendant, who lay injured, in the same hospital room with plaintiff. To like effect was the statement of counsel in his argument advising the jury that the defendant "has made ample protection for taking care of the judgment that you may render in this case, up to $20,000 that we are asking for."

While these statements of plaintiff and counsel do not refer specifically to insurance, the inference naturally and logically to be drawn from either is sufficient to indicate a design to prevent defendant from having a fair trial, and especially so when considered in connection with the suggestion of insurance imparted to the jury on their voir dire.

Parties and counsel in such cases should strenuously refrain from suggesting the insurance element at the trial of a cause after the jury is empaneled. Any reference thereto not bearing upon the issues is prejudicial to defendant's rights and serves to prevent a fair trial of the cause and brings the case within the general rule that reference to such insurance ordinarily constitutes an unwarranted appeal to the prejudice of the jury and is ground for mistrial upon timely motion.

The facts here are in many respects similar to the facts in Green Construction Co. v. Lampe, supra. We consider that decision ample authority for the conclusion reached herein.

The judgment is reversed and the cause remanded, with directions to grant defendant a new trial.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, and CORN, JJ., concur. WELCH and PHELPS, JJ., absent.