Charles DROUILLARD, Appellee,

v.

JENSEN CONSTRUCTION COMPANY OF OKLAHOMA, INC., a corporation, Jensen Construction Company, a corporation, St. Paul Fire & Marine Insurance Company, a corporation, Appellants.

No. 51302.

Supreme Court of Oklahoma.

Sept. 11, 1979.

As Corrected Oct. 1, 1979.

Rehearing Denied Oct. 29, 1979.

Robert P. Kelly, Pawhuska, for appellee.

Robert A. Forbes, Jr., Oklahoma City, for appellants.

DOOLIN, Justice:

We granted certiorari to the Court of Appeals, Division 1, for the reason that it "has so far departed from the accepted and usual course of judicial proceedings . . . as to call for the exercise of this court's power of supervision." 12 O.S.1978 Supp. Ch. 15, App. 3, Rule 3.13 A(4).

Plaintiff, as a sub-contractor, supplied dirt for a certain construction project. He brought suit against the prime contractors and their surety company to recover payment. Plaintiff failed to provide written notice of the claim within 90 days as required by 61 O.S.1971 § 2. He contended the prime contractors assured him additional dirt would be ordered. On the basis of this assurance, he asserted the prime contractors should be estopped from using the 90 day notice provision as a bar to his claim.

The pertinent facts are as follows: Defendants moved for a directed verdict at the close of plaintiff's evidence which was overruled. The defendants then presented their evidence and rested. The jury returned a verdict for the plaintiff and the court entered judgment accordingly. The defendants excepted to the adverse rulings and decision of the court and jury. Trial court overruled defendants' motion for judgment notwithstanding the verdict.

The Court of Appeals reversed the judgment for the plaintiff, finding the evidence insufficient to support the verdict of the jury. Upon denial of his motion for a rehearing, plaintiff petitioned this court for a writ of certiorari. We now address the sole question of whether the Court of Appeals acted properly in passing on the sufficiency of the evidence. We find that the Court of Appeals, Division 1, has erred.

For the sufficiency of the evidence to be reviewed on appeal, counsel must lay a proper predicate for review.[1] If a defendant presents evidence after his demurrer to the plaintiff's evidence is overruled, that particular demurrer is waived.[2] Applying this rule to the procedural facts of the present case, we find defendants' motion for directed verdict at close of plaintiff's evidence, was waived. Therefore, it ceased to exist as a predicate for an appellate review of the evidence.[3]

Next we look to see if the defendants laid a proper predicate *subsequent* to the waiver of their motion for a directed verdict at close of plaintiff's evidence. In a jury trial, the predicate for an appellate review of the sufficiency of the evidence must be laid at the close of *all* the evidence

1. *Tucker v. Colorado Indoor Trap Shoot, Inc.,* 471 P.2d 912 (Okl.1970); *City of New Cordell v. Lowe,* 389 P.2d 103 (Okl.1963).

2. *Tucker v. Colorado Indoor Trap Shoot, Inc.,* id.; *Stout v. Taylor,* 290 P.2d 761 (Okl.1955); *Richardson v. Butler,* 206 Okl. 79, 240 P.2d 1058 (1952).

3. At that point in the trial a motion for directed verdict is treated the same as a demurrer to the evidence. See *Benke v. Stepp,* 199 Okl. 119, 184 P.2d 615 (1947); *Moore v. Dobyns,* 186 Okl. 273, 97 P.2d 79 (1940). See also *Oklahoma City-Ada-Atoka Ry. Co. v. Nickels,* 343 P.2d 1094 (Okl.1959).

and before the issues are submitted to the jury.[4] This predicate is laid by moving for a directed verdict.[5] As the facts indicate, defendants failed to move for a directed verdict at the close of all the evidence. Their only challenge to the evidence was waived. Therefore, the predicate essential to an appellate review of the evidence was not laid.

 Defendants contend they preserved the issue by their actions subsequent to the judgment. After the court entered judgment, the defendants excepted to the rulings and decision of the court and jury. The defendants' motion for directed verdict being waived, there was no ruling on a challenge to the sufficiency of the evidence upon which to take an exception. The defendants also filed a motion for judgment notwithstanding the verdict after the judgment was entered. Sufficiency of the evidence cannot be tested under the circumstances of this case where no motion for directed verdict was filed at close of all evidence. A motion for new trial will not bring the sufficiency of the evidence to issue on appellate review in the absence of properly laid predicate at the close of all evidence.[6]

OPINION OF THE COURT OF APPEALS VACATED: TRIAL COURT AFFIRMED FOR REASONS STATED.

LAVENDER, C. J., IRWIN, V. C. J., and HODGES, BARNES, SIMMS, HARGRAVE and OPALA, JJ., concur.

---

4. *Reedy v. Weathers,* 472 P.2d 914 (Okl.1970); *Sheppard v. Gaddy,* 202 Okl. 489, 215 P.2d 827 (1950); *City of Norman v. Lewis,* 180 Okl. 344, 69 P.2d 377 (1937). Cf., *Tyler v. Hartford Acc. & Indem. Co.,* 195 Okl. 523, 159 P.2d 722 (1945), (predicate not essential for appellate review of evidence in case tried to the court).

5. See Note 1, supra.

6. Id. See *Sheppard v. Gaddy,* Note 4, supra. ". . . [A] motion for a new trial is for the purpose of bringing again to the notice of the court rulings of the court during the trial which were properly excepted to at the time. If the defendant did not, in some way, challenge the sufficiency of the evidence to support a verdict for plaintiff during the trial, and permitted the case to go to the jury unchallenged, then nothing was saved to present to this court." *Reed v. Scott,* 50 Okl. 757, 151 P. 484 (1915). As we have pointed out, the evidence in this case went to the jury unchallenged because the defendants waived their only challenge by introducing their own evidence.