## W. WILLIAM GRAHAM, INC. *v.* The CITY OF CAVE CITY

85-217                                        709 S.W.2d 94

Supreme Court of Arkansas
Opinion delivered May 19, 1986

*Wright, Lindsey & Jennings*, for appellant.

*Blair & Stroud*, by: *H. David Blair* and *Keith Watkins*, for appellee.

RICE VAN AUSDALL, Special Justice. This is a breach of contract case. Appellee entered into a contract with appellant for the purpose of preparing plans for a wastewater treatment facility. The contract provided that the plans were to be completed within 135 days. It was clearly understood by both contracting parties that failure to have the plans ready and submitted to a certain governmental agency within the time frame, would result in a reduction of the appellee's entitlement, from a 75% funding to a 55% funding. Appellant's obligation was to have these plans ready for submission in such a manner, and in due course of events, so that the 75% funding would be available. Appellant failed to perform as agreed, its performance being after the deadline, resulting in a reduced funding, such reduction being in the amount of $338,935.00.

The contract further provided as follows:

> The OWNER [appellee] agrees to limit the ENGINEER'S [appellant's] liability to the OWNER and to all Construction Contractors and Subcontractors on the Project, due to the ENGINEER'S professional negligent acts, errors or omissions, such that the total aggregate liability of the ENGINEER to those named shall not exceed Fifty Thousand Dollars ($50,000.00) or the ENGINEER'S total fee for services rendered on this project, whichever is greater.

Appellant contends that because of this limitation of liability proviso, appellee cannot recover more than $99,214. (This sum was the appellant's fee for services.)

■ Appellee contends as a threshold matter, that Appellant has not preserved the issue for appeal, by its failure to have the trial court rule on its motion for a directed verdict at the conclusion of all the evidence. However, the record shows clearly that the trial court was made aware of the specific contract language being relied upon, and what action was requested. This was initially raised by motion for summary judgment, ruled upon again by entry of an order in response to a motion in limine, and raised again at the end of all the proof. We agree with Appellant that where the record shows, as here, that the trial court was adequately presented with the question, and specific objection was made, substantial compliance has been made, and the issue is preserved for review by this Court. See 4 C.J.S. Appeal & Error §320.

Appellant urges the limitation of liability clause is valid and enforceable, and the Court must give effect to such provision, where, as here, it was voluntarily entered into. The issue, however, is not the enforceability of such clauses, but the construction of the present clause. Clearly, if the clause limits liability, it is the duty of this Court to give effect to such clause. *Miller* v. *Dyer*, 243 Ark. 981, 423 S.W.2d 275 (1968). However, the clause hereinabove cited restricts and limits recovery to damages based upon ". . . professional negligent acts, errors, or omissions. . . ." No mention is made of liability for breach of contract, and the resultant damages that might flow from such a breach.

■■ As noted in *Cincinnati Gas & Electric Co.* v. *Westinghouse Electric*, 465 F.2d 1064 (6th Cir. 1972), prior authority is often not very helpful due to the difference in language employed:

> In cases involving the interpretation of contract language, extensive examination of precedent is of little value since the controlling rhetoric will vary from case to case.

Here, the language pertains to ". . . negligent acts, errors or omissions. . . ." The jury found, on substantial evidence, and under proper instruction, that appellant had breached its contract duty to perform within the time frame mutually agreed upon. Whether this delay was occasioned by inefficient use of time, poor management, or whatever, is not for the Court to divine. If

appellant had desired to limit its liability for breach of contract, it could have done so, and doubtless this Court would have enforced such contract proviso, as it has many times in the past. *Green* v. *Ferguson*, 263 Ark. 601, 567 S.W.2d 89 (1978); *C. & A. Construction Co.* v. *Benning Construction Co.*, 256 Ark. 621, 509 S.W.2d 302 (1974). However, having failed to do so, and having contented itself with limiting its liability only for its negligent acts, errors or omissions, the Court cannot engraft onto the contract a limitation not set forth. For while it is quite true this Court must give effect to such clauses, it is equally true this Court cannot rewrite a contract for the parties. *Pope* v. *Shannon Brothers*, 199 Ark. 1148, 138 S.W.2d 382 (1940); *Christmas* v. *Raley*, 260 Ark. 150, 539 S.W.2d 405 (1976); *Rector-Phillips-Morse* v. *Vroman*, 253 Ark. 750, 489 S.W.2d 1 (1973). Moreover, it must also be remembered that such clauses are not the favorite of the Court, and they will be strictly construed against the party relying on them and be limited to their exact language. *Middleton & Sons* v. *Frozen Food Lockers*, 251 Ark. 745, 474 S.W.2d 895 (1972); *Armco Steel Corp.* v. *Ford Construction Co.*, 237 Ark. 272, 372 S.W.2d 630 (1963).

The Court is not unaware of the other issue raised by appellee, having to do with, in the first instance, the dichotomy of professional negligence vis-a-vis simple negligence; and in the second instance, the public policy contention. It will suffice to say that the foregoing analysis disposes of the cause, and in keeping with its time honored custom, this Court will not reach and decide issues not necessary for the complete disposition of the litigation. *Russell* v. *Miller*, 253 Ark. 583, 487 S.W.2d 617 (1972); *Lytle* v. *Zebold*, 227 Ark. 431, 299 S.W.2d 74 (1957); *Davis* v. *Strong*, 208 Ark. 254, 186 S.W.2d 776 (1945).

Affirmed.

PURTLE, J., not participating.