## R. D. WILMANS & SONS COMPANY *v.* Gerald TURNER

CA 92-545                                           848 S.W.2d 946

Court of Appeals of Arkansas
Division I
Opinion delivered February 24, 1993

*James A. McLarty*, for appellant.

*Gerald W. Carlyle*, for appellee.

JOHN B. ROBBINS, Judge. Appellant R. D. Wilmans & Sons Company, a farming corporation, sold a piece of farm equipment to appellee Gerald Turner on credit during the summer of 1990. It is undisputed that Turner has never made any payment to appellant for the equipment. In August of 1991 appellant filed a complaint against Turner seeking $3500 as the unpaid price of the equipment, and offered evidence supporting the claim that $3500 was the price agreed upon. Turner, on the other hand, contended the purchase price was $1000. The trial court found in favor of appellant, rendering judgment against Turner for $2000. Appellant contends on appeal that the trial court erred in awarding judgment in an amount neither party claimed to be the purchase price. We agree with appellant and reverse and remand.

Rex Wilmans testified that during the summer of 1990 he was farming under the corporate name R. D. Wilmans & Sons Company and entered into a sales agreement with appellee Gerald Turner to sell him a Mud Hog unit for a Massey combine. Wilmans said that he did not know the actual value of the unit, so he and Turner agreed that they would let Bob Forrester, who was in the farm equipment business, inspect the unit and set the price. Forrester testified that after inspecting the unit, he valued it at $3500. Wilmans said he then called Turner, told him of Forrester's $3500 figure and subsequently sent him a bill. He said Turner stated that the $3500 was probably a little high, but that he would pay appellant within a month.

Several months passed without the bill being paid. Appellant sent several additional bills to Turner, none of which were paid. Wilmans said that at some point Turner told him the price was too high because he had made a lot of repairs. Wilmans says he offered at that time to take $2500 if Turner would pay him within ten days, but payment was never made.

Appellee Gerald Turner testified that the parties agreed on a purchase price of $1000. He denies having ever received any of the bills for $3500. He acknowledged that Wilmans said he would take $2500. Turner says he then offered Wilmans $1500, which Wilmans refused.

■■ When a case is tried by a circuit court sitting without a jury, our inquiry on appeal is not whether there is substantial evidence to support the factual findings of the court, but whether the findings are clearly erroneous. *City of Pocahontas* v. *Huddleston*, 309 Ark. 353, 831 S.W.2d 138 (1992). The trial court found both Wilmans and Turner to be "very credible" and found that the only "fair" solution was to "split the difference" and set the contract price at $2000. We agree with appellant's contention that the trial court should have resolved the credibility issue and rendered judgment based on the contract prices testified to, rather than arriving at some in-between figure to reach a "fair" solution. This was not a situation as was present in *Central Arkansas Milk Producers Association* v. *Smith*, 232 Ark. 206, 335 S.W.2d 289 (1960), where the parties had never reached an agreement as to the contract price; here, each party testified that they had agreed upon a price, but offered conflicting testimony as to what that price was. Neither party claimed that $2000 was the agreed-upon price and there is no evidence in the record to support such an award. In rendering judgment for $2000, the court was, in effect, making a new contract for the parties. As noted by the supreme court in *Smith* v. *MRCC Partnership*, 302 Ark. 547, 792 S.W.2d 301 (1990), our courts have historically refused to rewrite contracts for the parties. *See also W. William Graham, Inc.* v. *City of Cave City*, 289 Ark. 105, 709 S.W.2d 94 (1986); *St. Paul Fire & Marine Insurance Co.* v. *Kell*, 231 Ark. 193, 338 S.W.2d 510 (1959). We find that the trial court's decision was clearly erroneous and we therefore reverse and remand for a new trial.

Reversed and remanded.

MAYFIELD and ROGERS, JJ., agree.