### 2001 OK CIV APP 121

### ALLIANCE STEEL, INC., Plaintiff/Appellant,

### v.

### MARTIN YACK CONSTRUCTION CO., INC., Defendant/Third–Party Plaintiff/Appellee,

### and

### L.D. Howell Steel Building Co., Inc., Defendant/Third–Party Plaintiff,

### v.

### Frontier Insurance Company, Third–Party Defendant.

### No. 93,218.

Court of Civil Appeals of Oklahoma, Division No. 3.

March 30, 2001.

Certiorari Denied, June 18, 2001.

---

John N. Hermes, Ross A. Plourde, McAfee & Taft, Oklahoma City, OK, for Plaintiff/Appellant.

Raymond E. Tompkins, S. Paul Hammons, Mitchell D. Blackburn, Conner & Winters, Oklahoma City, OK, for Defendant/Third–Party Plaintiff/Appellee.

## SUBSTITUTE OPINION AFTER REHEARING

ADAMS, Judge.

¶ 1 Alliance Steel, Inc. (Alliance) appeals a trial court judgment based upon a jury verdict in favor of Martin Yack Construction Co., Inc. (Yack Construction) on Alliance's breach of contract claim and on Yack Construction's counterclaim against Alliance.[1] We conclude that alleged errors identified in Propositions I and II, all of which relate to the sufficiency of the evidence to support the verdict, were not preserved for review, and that the trial court committed no error as alleged in Proposition III, Alliance's only other proposition of error. Therefore, we affirm the trial court's judgment.

¶ 2 Alliance's first two propositions of error—"Yack Construction failed to prove Alliance had waived its right to payment" and "The Undisputed Evidence established that Yack Construction breached the contract by failing to provide Alliance adequate assurance"-call for an appellate examination of the evidence to determine whether it was legally sufficient to support the jury's verdict. In its answer brief, Yack Construction argues that Alliance failed to preserve for appellate review any question regarding the sufficiency of the evidence to support the verdict because Alliance did not move for a directed verdict at the close of all the evidence and before the issues were submitted to the jury.

¶ 3 The transcript of the three-day jury trial and the record do not demonstrate that Alliance demurred, moved for directed verdict or in any other manner attacked the sufficiency of Yack Construction's evidence, formally or informally, after all of the evidence had been admitted. However, Alliance did question the sufficiency of the evidence in its Motion for New Trial, and Yack Construction did not assert at that time that Alliance had not challenged the sufficiency of the evidence properly at trial.

¶ 4 The Oklahoma Supreme Court has long held that where a plaintiff submits his case to the jury, after the close of all the evidence, without demurring to the evidence or asking for an instructed verdict, or otherwise legally attacking its sufficiency, the question whether there is any evidence reasonably tending to support the defense is not preserved for review, even where the sufficiency of the evidence is challenged by post-verdict motion. *Reedy v. Weathers,* 1970 OK 130, 472 P.2d 914; *Birmingham Steel & Supply, Inc. v. Smithco Mfg. Co.,* 1965 OK 37, 399 P.2d 471; *Sheppard v. Gaddy,* 1950 OK 60, 215 P.2d 827; *Ruby v. Barrett,* 1928 OK 235, 265 P. 1048; *Norman v. Lambert,* 1917 OK 227, 167 P. 213.

¶ 5 Alliance acknowledges this rule but contends it may not be applied here for two reasons. First, Alliance argues Yack Construction's failure to raise this issue in response to Alliance's new trial motion prevents us from applying the rule here. To support this argument, Alliance cites several cases applying *federal* litigation rules which so conclude, reasoning that the trial court should first be given the opportunity to determine whether the sufficiency of the evidence was formally or informally challenged prior to submitting the case to the jury or whether some legitimate reason existed for not doing so. See *Thompson and Wallace of Memphis v. Falconwood Corporation,* 100 F.3d 429 (5th Cir.1996).

¶ 6 Alliance has cited no Oklahoma authority limiting this Court's power to determine whether an alleged trial court error has been properly preserved for review, and it appears that the theoretical basis underlying the federal cases cited is inapplicable under Oklahoma procedure. Alliance has cited no authority, and we have discovered none, which would allow us, based on some excuse, to overlook Alliance's failure to move for a directed verdict. Yack Construction's failure to contend before the trial court that Alliance had waived any post-verdict right to challenge the sufficiency of the evidence is no

---

1. The trial court granted Alliance default judgment against Defendant L.D. Howell Steel Building Co., Inc. (Howell Steel) on Alliance's breach of contract claim and Howell Steel's counterclaim against Alliance. The trial court also entered judgment in favor of the third-party defendant on Howell Steel and Yack Construction's third-party petition against it. These rulings are not challenged in this appeal.

impediment to our considering whether Alliance has properly preserved for appellate review the question of whether the evidence reasonably supports the verdict of the jury.

¶ 7 Second, Alliance contends it substantially complied with this requirement because prior to trial it moved for partial summary judgment on liability, making the arguments it makes on appeal with regard to the facts which it anticipated would be shown at trial. According to Alliance, we should follow the lead of the federal courts and take an "indulgent view" of whether the sufficiency of the evidence had been properly challenged at trial. See *Singer v. Dungan*, 45 F.3d 823 (4th Cir.1995).

¶ 8 We note that Alliance does *not* contend that it challenged the sufficiency of the evidence after the close of all the evidence *via* some informal means either on or off the record as was argued in *Trujillo v. Goodman*, 825 F.2d 1453 (10th Cir.1987), one of the cases cited by Alliance to support this argument. Moreover, this record differs substantially from that recited in *W. William Graham, Inc. v. City of Cave City*, 289 Ark. 105, 709 S.W.2d 94 (1986), also cited by Alliance. In that case, the court confronted an appellee's argument that the appellant had waived any right to a review of the sufficiency of the evidence on appeal because the appellant had failed "to have the trial court rule on its motion for a directed verdict at the conclusion of all the evidence." Noting that the issue had been raised "by a motion for summary judgment, [was] ruled upon again by entry of an order in response to a motion in limine, and [was] *raised again at the end of all the proof*," the court held that the appellant had not waived its right to appellate review on that issue. (Emphasis added). 289 Ark. at 107, 709 S.W.2d at 95. This record contains no indication that Alliance reiterated its previous arguments, even by reference, at the close of all the evidence.

¶ 9 We cannot treat Alliance's *pretrial* motion as the functional equivalent of a motion for directed verdict for two fundamental reasons. First, because of the differences in timing, the motions call upon the trial court to review two different sets of "evidence." The summary judgment motion requires the trial court to base its decision on the uncontroverted facts shown by the evidentiary material submitted by the parties. In essence, it tests what the parties anticipate they will be able to demonstrate by admissible evidence at trial. See *Davis v. Leitner*, 1989 OK 146, 782 P.2d 924 (evidentiary material need not be in admissible form but must reasonably show the judge considering the motion that the party will be able to present competent, admissible evidence at trial to support the party's allegations). A motion for directed verdict, presented at the close of *all* the evidence as required by *Drouillard v. Jensen Construction Company of Oklahoma, Inc.*, 1979 OK 126, 601 P.2d 92, tests *all* of the evidence actually presented at trial.

¶ 10 Second, a ruling denying a motion for summary judgment does not necessarily mean that a motion for directed verdict could not be granted, even where there is no significant variance between the evidence anticipated at the time of the motion and the evidence actually presented at trial. *Northrip v. Montgomery Ward & Co.*, 1974 OK 142, 529 P.2d 489, recognized that even where a judge considering a motion for summary judgment is of the opinion that a directed verdict for one of the parties on the issues raised by the motion will be required at trial, the judge should ordinarily allow the evidence to be produced at trial and then direct a verdict if that is appropriate.

¶ 11 Alliance did not move for a directed verdict or otherwise challenge the sufficiency of the evidence at the conclusion of *all* the evidence as required to preserve its right to an appellate review to determine whether the verdict is reasonably supported by the evidence. Accordingly, we must conclude that we may not consider the errors raised in Proposition I and Proposition II of Alliance's brief.

¶ 12 In Proposition III, its only other proposition of error, Alliance contends the trial court should have granted its post-trial motion seeking a $151,678 credit against the judgment or a remittitur in that amount. In that motion, Alliance argued that its default judgment against Howell Steel would prevent

Yack Construction from having a liability to Howell Steel for a commission in that amount which it claims was part of the original counterclaim filed jointly by Howell Steel and Yack Construction.[2]

¶ 13 If we understand the only argument Alliance advanced to the trial court in support of its motion, Yack Construction's damages should have been reduced by the amount of that commission as "expenses saved in consequence of the seller's breach" under 12A O.S.1991 § 2–712(2).[3] Yack Construction contended any liability it may have to Howell Steel was unaffected by Alliance's judgment against Howell Steel, and therefore the amount of the commission does not represent "expenses saved." We agree.

 ¶ 14 Alliance's judgment against Howell Steel addressed only Alliance's breach of contract claim against Howell Steel and Howell Steel's counterclaim based on Alliance's alleged breach of contract. At most, it stands as a binding determination, *as between Alliance and Howell Steel,* that Howell Steel did not perform *its contractual obligations to Alliance* and that Alliance did not breach the contract *insofar as Howell Steel is concerned.* Howell Steel's commission was not a part of the contract on which it sued Alliance or on which Alliance sued Howell Steel and Yack Construction, and Alliance's breach of the contract as to Yack Construction did not save Yack Construction the expense of that commission.[4]

¶ 15 The trial court's judgment is not reversible based upon any error properly preserved for review. The judgment is affirmed.

¶ 16 AFFIRMED.

¶ 17 HANSEN, C.J., and JOPLIN, J., concur.

---

2. Alliance attached portions of the deposition of L.D. Howell, the principal of Howell Steel, to support the assertion that Howell was claiming a commission as part of the jointly filed counterclaim.

3. Under 12A O.S.1991 § 2–712(1), a buyer may "cover" by making a good faith purchase of substitute goods for those due from the seller where the seller has breached a contract for the sale of goods by non-delivery or repudiation. Section 2–712(2) allows the buyer to "recover from the seller as damages the difference between the cost of cover and the contract price together with any incidental or consequential damages as hereinafter defined (Section 2–715), *but less expenses saved in consequence of the seller's breach."* (Emphasis added.)

4. It is not exactly clear on this record whether the commission claimed by Howell Steel was one owed as a result of services in obtaining the contract between Alliance and Yack Construction or for services in obtaining substitute goods. If it was the latter, it might be argued that Yack Construction could not include as a "cost of cover" a commission on the purchase of those substitute goods if it had no obligation to pay that commission. *However, Alliance never presented such an argument to the trial court, and we may not consider it here.*